Pearson, J.
 

 We
 
 are of opinion that the error in dismissing the suit for the want of a prosecution bond, when, in fact, a sufficient bond was filed, cannot be taken advantage of by
 
 motion.
 
 The error of fact should be alleged by a writ of error.
 

 Upon a careful examination of the cases, this seems to be a proper classification:
 

 An interlocutory judgment, in favor of a plaintiff, may be amended, or set aside at any time before final judgment is entered, for the parties are still in court.
 

 A judgment which is void,
 
 may be set aside and treated as a
 
 imllity,
 
 at any time;
 
 Pearson
 
 v.
 
 Nesbitt,
 
 1 Dev. Rep. 315.
 

 An
 
 ofiice judgment
 
 (as it is termed), that is, a judgment entered without the concurrence of the court, either actual, or implied, may be set aside at any time, and treated as a nullity,
 
 Winslow
 
 v.
 
 Anderson,
 
 3 Dev. and Bat. Rep. 10, because of irregularity.
 

 In our case the judgment is not interlocutory; — nor is it
 
 *416
 
 void — nor is it irregular; but it is erroneous, because of a fact which was not presented to the Court, and of which it did not have cognizance. The only inode by which such an error can be corrected is by writ of error for matter of fact; in respect of which, there is a specific time allowed by the statute; whereas, a motion to vacate, or set aside a judgment, may be made at any time.
 

 Per CueiaM. Judgment reversed.